Erick J. Haynie, WSBA No. 37128
Perkins Coie LLP
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Telephone: 503.727.2000
Facsimile: 503.727.2222

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WASHINGTON
# AT YAKIMA

| | |
|---|---|
| TOOTH ACRES, LLC, a Washington limited liability company; GENE SCHEEL, an individual,<br><br>　　　　　Plaintiffs,<br><br>　　V.<br><br>HOODSTOCK RANCH, LLC, a Washington limited liability company; MARK GORDON HERON and MARY KATHLEEN HERON, husband and wife,<br><br>　　　　　Defendants | Case No. 1:20-cv-3091<br><br>**NOTICE OF REMOVAL** |

NOTICE OF REMOVAL
(No. _____)

148608182.2

**PERKINS COIE LLP**
1120 N.W. COUCH STREET,
10TH FLOOR
PORTLAND, OR 97209-4128
TELEPHONE: 503.727.2000
FACSIMILE: 503.727.2222

1  TO:  THE CLERK AND HONORABLE JUDGES OF THE UNITED STATES
2       DISTRICT COURT FOR THE EASTERN DISTRICT OF WASHINGTON

**PLEASE TAKE NOTICE** that Defendants Hoodstock Ranch, LLC, Mark Gordon Heron, and Mary Kathleen Heron (collectively, "Defendants") hereby remove this action to this Court from the Superior Court of Washington in and for Klickitat County ("Klickitat County Superior Court") pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. In support of this Notice, Defendants respectfully state the following:

## I. STATE COURT ACTION

On or about May 18, 2020, Plaintiffs Tooth Acres, LLC and Gene Scheel ("Plaintiffs") filed the Complaint in Klickitat County Superior Court, where it was assigned Case No. 20-2-00074-20. The Complaint asserts causes of action for breach of promissory note and fraud, and seeks damages in excess of $583,000. A copy of the Complaint is attached hereto as **Exhibit A**. Defendants were first served with a summons and copy of the Complaint on May 31, 2020. Declaration of Erick J. Haynie ("Haynie Decl.") ¶ 5.

## II. GROUNDS FOR REMOVAL

This action is removable under 28 U.S.C. §§ 1332(a)(1) and 1441(a)-(b) because both Plaintiffs are citizens of the State of Washington, all Defendants are residents of the State of Oregon, and the amount in controversy exceeds $75,000. For these reasons, this Court would have had original jurisdiction over Plaintiff's claims if Plaintiff had elected to file the action initially in federal court, and removal is proper. 28 U.S.C. §§ 1441(a), 1332(a)(1). All Defendants are represented by the undersigned counsel, and all join and consent to this removal. 28 U.S.C. § 1446(b)(2)(A).

NOTICE OF REMOVAL
(No. _____)

Perkins Coie LLP
1120 N.W. Couch Street,
10th Floor
Portland, OR 97209-4128
Telephone: 503.727.2000
Facsimile: 503.727.2222

148608182.2

A.    **There is Complete Diversity of Citizenship**

This Court has original jurisdiction "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and controversy arises between "citizens of different States." 28 U.S.C. § 1332(a)(1). In determining whether complete diversity exists, the citizenship of a limited liability company ("LLC") is determined by the citizenship of its members. *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ("[A]n LLC is a citizen of every state of which its owners/members are citizens."). Plaintiff Gene Scheel is principal of Plaintiff Tooth Acres, LLC, "a limited liability corporation, organized and operating under the laws of the State of Washington." Ex. A (Complaint) ¶¶ 1-2. On information and belief, based on examination of publicly available documents and records, Plaintiff Scheel is a resident of Washington State and the sole member of Plaintiff Tooth Acres, LLC. Haynie Decl. ¶¶ 2-3. Plaintiffs are, therefore, both citizens of Washington to the best of Defendants' understanding.

Defendants Mark Gordon Heron and Mary Kathleen Heron are residents of Oregon, and are the sole members of Hoodstock Ranch, LLC, "a limited liability company, organized and operating under the laws of the State of Washington." *Id.* ¶ 4; Ex. A (Complaint) ¶¶ 3-4. Defendants are, therefore, all citizens of Oregon.

Because all Plaintiffs are citizens of Washington and all Defendants are citizens of Oregon, there is complete diversity of citizenship for purposes of federal jurisdiction under 28 U.S.C. § 1332(a)(1).

B.    **Plaintiff Alleges the Amount in Controversy Exceeds $75,000.**

In their first and third claims for relief, Plaintiffs allege they have "been damaged in the principal amount of $506,000, plus prejudgment interest . . . plus a contractual late fee of $25,000.00." Ex. A (Complaint) ¶¶ 14, 27. In their second

NOTICE OF REMOVAL
(No. _____ ) – 2

148608182.2

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

and third claims for relief, Plaintiffs allege they have "been damaged in the principal amount of $77,250.00, plus prejudgment interest." *Id*. ¶¶ 20, 28. Plaintiff, therefore, alleges damages in excess of $583,000.

These allegations conclusively establish the amount in controversy unless they were made in bad faith or "it appears to a 'legal certainty' that the plaintiff cannot actually recover that amount[.]" *See* 28 U.S.C. § 1446(c)(2) (In general, "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy"); *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007) ("[W]hen a complaint filed in state court alleges on its face an amount in controversy sufficient to meet the federal jurisdictional threshold, such requirement is presumptively satisfied unless it appears to a 'legal certainty' that the plaintiff cannot actually recover that amount."); *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015) ("In determining the amount in controversy, courts first look to the complaint. Generally, 'the sum claimed by the plaintiff controls if the claim is apparently made in good faith.'") (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)). Accordingly, Plaintiffs' allegations in the Complaint establish that the amount in controversy exceeds the jurisdictional requirement under 28 U.S.C. § 1332(a).

### III.   DISTRICT ASSIGNMENT AND VENUE

This Court is the district and division embracing the place where the State Court action is currently pending (Klickitat County, Washington). It is therefore the appropriate court for removal pursuant to 28 U.S.C. §§ 1441(a) and 1446(a).

### IV.   REMOVAL IS TIMELY

Defendant first received a copy of the Complaint on May 31, 2020. Haynie Decl. ¶ 5. This Notice of Removal (filed June 25, 2020) is therefore timely filed within the 30 days allowed under 28 U.S.C. § 1446(b).

NOTICE OF REMOVAL
(No. _____) – 3

148608182.2

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

## V.    NOTICE TO STATE COURT

Attached to this Notice is a true copy of the Complaint, which Plaintiff filed in Klickitat County Superior Court and subsequently caused to be delivered to one of the Defendants.  *See* **Ex. A**.  Proof of Notice to Plaintiff and to the Clerk of the Klickitat County Superior Court will be filed separately.

Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of Defendants' right to assert any defense or affirmative matter, including without limitation any defense available under Fed. R. Civ. P. 12, or any other procedural or substantive defense available under State or Federal law.

Defendants reserve the right to amend or supplement this Notice of Removal.

**WHEREFORE**, Defendants gives notice that this matter is removed to the United States District Court for the Eastern District of Washington, and request that this Court retain jurisdiction for further proceedings pursuant to 28 U.S.C. §§ 1441 and 1446.

DATED this 25th day of June, 2020

s/ Erick J. Haynie
Erick J. Haynie, WSBA No. 37128
Perkins Coie LLP
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Telephone: 503.727.2000
Facsimile: 503.727.2222
E-mail: EHaynie@perkinscoie.com

Attorney for Defendants

NOTICE OF REMOVAL
(No. _____ ) – 4

148608182.2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

# CERTIFICATE OF SERVICE

I certify under penalty of perjury that on June 25, 2020, I caused the following attorneys of record in the related state-court action to be served the foregoing NOTICE OF REMOVAL by the method(s) indicated:

| | |
|---|---|
| Stephen G. Leatham<br>Heurlin, Potter, Jahn, Leatham,<br>Holtmann & Stoker, P.S.<br>211 E. McLoughlin Boulevard,<br>Suite 100<br>Vancouver, WA 98666 | \_\_\_\_ Via hand delivery<br>\_x\_ Via U.S. Mail, 1st Class, Postage Prepaid<br>\_\_\_\_ Via Overnight Delivery<br>\_\_\_\_ Via Facsimile<br>\_x\_ Via Email<br>\_\_\_\_ Other: _____ |

DATED this 25th_day of June, 2020

s/ Erick J. Haynie
Erick J. Haynie, WSBA No. 37128
Perkins Coie LLP
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Telephone: 503.727.2000
Facsimile: 503.727.2222
E-mail: EHaynie@perkinscoie.com

Attorney for Defendants
_____

CERTIFICATE OF SERVICE
(No. _____)

148608182.2

**Perkins Coie LLP**
1120 N.W. Couch Street,
10th Floor
Portland, OR 97209-4128
Telephone: 503.727.2000
Facsimile: 503.727.2222