**Erick J. Haynie**, WSBA No. 37128
Perkins Coie LLP
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Telephone: 503.727.2000
Facsimile: 503.727.2222

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WASHINGTON
# AT YAKIMA

| | |
|---|---|
| TOOTH ACRES, LLC, a Washington limited liability company; GENE SCHEEL, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>HOODSTOCK RANCH, LLC, a Washington limited liability company; MARK GORDON HERON and MARY KATHLEEN HERON, husband and wife,<br><br>Defendants | Case No. 1:20-cv-3091<br>_____<br><br>**DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS** |

In answer to the Complaint in this matter by Tooth Acres, LLC ("Tooth Acres") and Gene Scheel's (collectively, "Plaintiffs"), Defendants Hoodstock Ranch, LLC ("Hoodstock Ranch"), Mark Gordon Heron, and Mary Kathleen Heron (collectively "Defendants") admit, deny, and allege as follows:

1.   In answer to paragraph 1 of the Complaint, Defendants admit that

DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS
(No. 1:20-cv-3091)

139292-0001/LEGAL148726882.5

PERKINS COIE LLP
1120 N.W. COUCH STREET,
10TH FLOOR
PORTLAND, OR 97209-4128
TELEPHONE: 503.727.2000
FACSIMILE: 503.727.2222

1. Tooth Acres is a limited liability company formed under the laws of the State of Washington. Defendants lack sufficient information to admit or deny the balance of the allegations of paragraph 1.

2. Admitted.

3. In answer to paragraph 3 of the Complaint, Defendants admit that Hoodstock Ranch is a limited liability company formed under the laws of the State of Washington and that its two members, Mark Heron and Mary Kathleen Heron, are residents of the State of Oregon. Defendants further admit that Hoodstock Ranch holds fee title to the subject real property located in Klickitat County, Washington.

4. Admitted.

5. The allegations in the paragraph are legal conclusions to which no response is required. Defendants aver that, following Defendants' removal, jurisdiction and venue are now proper before this Court, the United States District Court for the Eastern District of Washington.

6. The Complaint contains no paragraph 6 and, as such, no response is required.

7. In answer to paragraph 7 of the Complaint, Defendants admit that Tooth Acres and Hoodstock Ranch are party to that certain Purchase and Sale Agreement and Receipt for Earnest Money, initially dated October 27, 2019, concerning the purchase and sale of certain a home and appurtenant property generally known as 267 86 Road in Trout Lake, Klickitat County, Washington (the "PSA"). Defendants further admit that Exhibit A reflects the PSA. The terms of the PSA speak for themselves.

8. In answer to paragraph 8 of the Complaint, Defendants admit that the purchase price for the subject property was $1,500,000. Defendants deny the

DEFENDANTS' ANSWER, AFFIRMATIVE
DEFENSES AND COUNTERCLAIMS
(No. 1:20-cv-3091) – 2

139292-0001/LEGAL148726882.5

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

1  balance of the allegations of paragraph 8 of the Complaint.

2       9.    In answer to paragraph 9 of the Complaint, Defendants admit that they executed and delivered the promissory note to Plaintiff attached as Exhibit B to the Complaint. The terms of the promissory note speak for themselves.

     10.    In answer to paragraph 10 of the Complaint, Defendants admit to the existence and transmission of the letter attached as Exhibit C to the Complaint. Exhibit C speaks for itself.

     11.    The promissory note speaks for itself.

     12.    In answer to paragraph 12 of the Complaint, Defendants admit that they have not paid all amounts demanded by Tooth Acres. Defendants have not paid amounts otherwise due because there are amounts are due and owing by Plaintiffs to Defendants as a set-off and, as such, an accounting is needed to determine the proper amount due and owing between the parties.

## FIRST CLAIM FOR RELIEF

### (Breach of Promissory Note - Plaintiff)

     13.    Defendants restate and incorporate by reference their answers in the preceding paragraphs.

     14.    Denied.

     15.    Denied.

## SECOND CLAIM FOR RELIEF

### (Breach of Promissory Note - Scheel)

     16.    Defendants restate and incorporate by reference their answers in the preceding paragraphs.

     17.    Defendants admit they executed a promissory note on or around December 18, 2019. The promissory note speaks for itself.

     18.    The promissory note speaks for itself.

DEFENDANTS' ANSWER, AFFIRMATIVE
DEFENSES AND COUNTERCLAIMS
(No. 1:20-cv-3091) – 3

139292-0001/LEGAL148726882.5

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

19. Denied.

20. Denied.

## THIRD CLAIM FOR RELIEF

### (Fraud)

21. Defendants restate and incorporate by reference their answers in the preceding paragraphs.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Defendants specifically deny any allegation of the Complaint not specifically admitted above.

## PRAYER FOR RELIEF

In answer to Paragraphs 1 through 4 of Plaintiffs' Prayer for Relief, Defendants deny the allegations and deny that Plaintiffs are entitled to the requested relief.

## DEFENSES AND AFFIRMATIVE DEFENSES

1. **Set-off and accounting**: Defendants are entitled to a set-off against amounts due to either or both of Plaintiffs on account of Plaintiffs' tortious behavior and statutory violations, including without limitation Plaintiffs' breach of the peace in violation of operative provisions of the Uniform Commercial Code and other wrongful conduct alleged below in Defendants' Counterclaims.

2. **Failure to mitigate:** Plaintiffs have failed to mitigate their damages.

3. **Waiver & estoppel:** Plaintiffs claims are barred by the defenses of estoppel, waiver, laches, ratification and/or acquiescence, and consent.

DEFENDANTS' ANSWER, AFFIRMATIVE
DEFENSES AND COUNTERCLAIMS
(No. 1:20-cv-3091) – 4

139292-0001/LEGAL148726882.5

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

4.     **Reservation:** Defendants reserve the right to assert any additional affirmative defenses as may be warranted by further discovery in this action.

## COUNTERCLAIMS

BY WAY OF COUNTERCLAIM, Defendants allege as follows:

### Parties and Jurisdiction

28.    This Court has personal jurisdiction over Plaintiffs and Defendants in this action.

29.    This Court has subject matter jurisdiction based on diversity jurisdiction. This action was removable, and was properly removed by Defendants, under 28 U.S.C. §§ 1332(a)(1) and 1441(a)-(b). Both Plaintiffs are citizens of the State of Washington, all Defendants are residents of the State of Oregon, and the amount in controversy exceeds $75,000. This Court also has subject matter jurisdiction over this counterclaim as a supplemental, ancillary or pendant state law claim.

### Factual Background

30.    Tooth Acres and Scheel are lenders and have at various times material acted as a creditor relative to one or more of the Defendants in relation to one or more transactions associated with the purchase and sale of a home located at 267 86 Road in Trout Lake, Washington (the "Home") and related personal property.

31.    Scheel is the principal of Tooth Acres. Scheel controls Tooth Acres and, on information and belief, is either the sole member of Tooth Acres or controls a majority of the membership interests of Tooth Acres.

32.    Scheel is a dentist by profession. As a dentist, Scheel is in the practice collecting consumer debts from his dental patients.

33.    On an unknown date between April 19, 2020 and April 22, 2020, Scheel forced his way onto the Klickitat County property and seized various

DEFENDANTS' ANSWER, AFFIRMATIVE
DEFENSES AND COUNTERCLAIMS
(No. 1:20-cv-3091) – 5

139292-0001/LEGAL148726882.5

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

valuable road maintenance equipment and personal property items (the "Seized Personal Property"). At the time it was seized, the Seized Personal Property belonged to one or more of the Defendants.

34. Based on investigation to date, the Seized Personal Property taken by Scheel included a Champion 750A road grader (large scale road maintenance equipment), a Caterpillar 555 Wheel Loader and associated snow chains (large scale road maintenance equipment), a Suzuki 660 Carry Micro Truck, a Komatsu Dresser 980B Wheel loader with chains, an 8-foot high "V Plow", two excavator buckets, a hydraulic rock hammer, a herbicide application trailer, approximately 30,000 pounds of steel "I beams" and racking, certain galvanized light posts, and various large tools and cabinets of tools used to work on the Caterpillar and other seized equipment.

35. Scheel took the Seized Personal Property from the property without notice to or consent from any of the Defendants.

36. Scheel has not returned the Seized Personal Property or provided Defendants with any accounting with respect to the whereabouts or disposition of the Seized Personal Property.

37. The Seized Personal Property when seized had a value of approximately $241,000, and was of such specific value that Defendants will prove at trial.

38. In taking the Seized Personal Property, Scheel at all times acted in his personal interests and also on behalf of his entity, Tooth Acres.

39. Scheel entered the Home and/or surrounding real property and took the Seized Personal Property.

40. On or about February 24, 2020, Tooth Acres filed a UCC-1 financing statement in reference to Hoodstock Ranch in relation to certain of the Seized

DEFENDANTS' ANSWER, AFFIRMATIVE
DEFENSES AND COUNTERCLAIMS
(No. 1:20-cv-3091) – 6

139292-0001/LEGAL148726882.5

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

1  Personal Property but the UCC-1 filing did not extend to all of the Seized Personal
2  Property.

3      41.    Scheel breached the peace in connection with his seizure of the Seized
4  Personal Property.  Scheel breached the peace by, without limitation, breaking
5  through two of Defendants' locked gates in order to access and remove the Seized
6  Personal Property.  First, Scheel broke through a substantial steel gate, in the
7  nature of a forest service gate and weighing approximately 2,000 pounds.  On
8  information and belief, Scheel broke through this steel gate using a blow torch.
9  Clearly posted within the immediate vicinity of the steel gate was a road sign
10 stating "Dead End" and "No Trespassing".

11     42.    Second, Scheel broke through a second metal gate that was locked
12 through a brass combination lock.  On information and belief, Scheel used a tool to
13 break the brass combination lock to gain entry to the Home and surrounding
14 property through the second gate.

15     43.    After breaking through the two gates by force and without permission,
16 Scheel proceeded to commandeer the Seized Personal Property, using the road that
17 otherwise would have been blocked by the two gates as a point of egress to drive
18 away with or otherwise remove the items.

19     44.    Prior to seizing the Seized Personal Property and at a time during
20 when Plaintiffs were attempting to collect a debt, Scheel made direct and/or
21 indirect threats of violence against Defendants for not paying amounts due or
22 potentially due under one or more loan documents with Plaintiff(s) that Tooth
23 Acres and/or Scheel had executed with Hoodstock Ranch in relation to the
24 purchase and sale of the Home.  Scheel's threats, and associated conduct and
25 behavior, was highly alarming and caused Defendants substantial anxiety and
26 distress.  For example, in one text message to Mrs. Heron on April 24, 2020,

DEFENDANTS' ANSWER, AFFIRMATIVE
DEFENSES AND COUNTERCLAIMS
(No. 1:20-cv-3091) – 7

139292-0001/LEGAL148726882.5

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

Scheel implied that he would kill her and/or Mr. Heron in relation to his demand for payment of money by sending a picture of machine guns and other weapons:



45.     In an effort to collect a debt, Plaintiffs have also attempted to intentionally and wrongfully interfere with Defendants' professions and sources of income by drafting and sending inflammatory letters to business associations and/or employers of Mr. and Mrs. Heron.  Additionally, in an effort to collect a

DEFENDANTS' ANSWER, AFFIRMATIVE
DEFENSES AND COUNTERCLAIMS
(No. 1:20-cv-3091) – 8

139292-0001/LEGAL148726882.5

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

debt, Plaintiffs have intentionally sought to interfere with Defendants' banking relationships and property rights by contacting or threatening to contact Defendants' lenders, and local government agencies in and around the Home, to make false and misleading statements about the condition or quality of the Home and appurtenant real property.

### First Counterclaim
### (Violation of UCC)

46. Defendants incorporate by reference the allegations set forth above.

47. By taking the Seized Personal Property without notice to or consent from Defendants, and by breaking through two locked gates, Plaintiffs breached the peace.

48. Plaintiffs also had no right to seize any property not covered by a valid UCC-1 security instrument.

49. Based on Plaintiffs' unlawful seizure, Defendants are entitled to money damages under the provisions of Article 9 of the Uniform Commercial Code, including without limitation UCC Sections 9-609 and 9-625 (see RCW 62A.9A-609, 62A.9A-609 and ORS 79.0609 and 79.0625).

50. Defendants are entitled to money damages, and a set-off against loan amounts otherwise due, in an estimated amount of $241,000 and such exact amount that Defendants will prove at trial.

### Second Counterclaim
### (Violation of Oregon Unlawful Debt Collection Practices Act)

51. Defendants incorporate by reference the allegations set forth above.

52. Plaintiffs' conduct in directly or indirectly threatening violence against Defendants for failing to pay a debt constitutes a violation of the Oregon Unlawful Debt Collection Practices Act, ORS 646.639 et seq. (the "OUDCPA").

DEFENDANTS' ANSWER, AFFIRMATIVE
DEFENSES AND COUNTERCLAIMS
(No. 1:20-cv-3091) – 9

139292-0001/LEGAL148726882.5

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

53.  The debt in question is a consumer debt because it relates to debt incurred primarily in relation to the purchase and sale of a home and personal property items to be used in connection with the maintenance and upkeep of a home and surrounding real property.

54.  Plaintiffs were a creditor of Hoodstock Ranch.  Scheel is a person who, in the ordinary course of his dental practice, engages in consumer transactions.

55.  Under the OUDCPA, it is unlawful to use, or threaten to use, force or violence to a debtor or to the debtor's family or property.  It is also unlawful to send harassing communications in an effort to collect a debt.

56.  Scheel threatened to use force or violence against Defendants or their property by, without limitation, sending a text message depicting machine guns and other weapons readily capable of causing death at a time when Plaintiffs were attempting to collect a debt.  Scheel also has attempted to interfere with Defendants' professional relationships, third-party financing relationships, and property rights, in an effort to pressure Defendants into paying a debt.

57.  Defendants should be awarded damages, in an amount to be proven at trial, for their actual damages and emotional distress suffered in relation to Plaintiffs' unlawful debt collection practices.  Alternatively, Defendants should be awarded statutory damages under ORS 646.641 (whichever is greater).

58.  Defendants should also be awarded punitive damages because Scheel's text message intentionally depicting pictures of machine guns and other death-causing weapons reflects malice and/or a reckless and outrageous indifference to a highly unreasonable risk of harm or a conscious indifference to the health, safety and welfare of Defendants.

DEFENDANTS' ANSWER, AFFIRMATIVE
DEFENSES AND COUNTERCLAIMS
(No. 1:20-cv-3091) – 10

139292-0001/LEGAL148726882.5

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

59. Defendants should be awarded reasonable attorney fees on this claim pursuant to ORS 646.641.

### Third Counterclaim

### (Intentional Infliction of Emotional Distress)

60. Defendants incorporate by reference the allegations set forth above.

61. In threatening, directly or indirectly, physical harm and death to Defendants, Plaintiffs intentionally sought to cause, and did cause, Defendants severe emotional distress.

62. In sending Defendants threatening messages, including without limitation the text message referenced above depicting machine guns and other weapons of death, and by seeking to intentionally interfere with Defendants' professions, financing relationships, and property rights, Plaintiffs acted intentionally. The conduct was extreme and outrageous.

63. Defendants should be awarded actual and punitive damages for Plaintiffs' conduct.

64. Defendants will prove their damages at trial.

### Fourth Counterclaim

### (Trespass)

65. Defendants incorporate by reference the allegations set forth above.

66. Scheel's breaking into the home and property of Hoodstock Ranch, intentionally and without consent, constitutes a trespass.

67. Defendants should be awarded actual and punitive damages for Plaintiffs conduct and associated intentional property damage.

### DEMAND FOR JURY TRIAL

68. Defendants respectfully demand a jury trial on all claims, affirmative defenses, counterclaims, third-party claim, and issues so triable.

DEFENDANTS' ANSWER, AFFIRMATIVE
DEFENSES AND COUNTERCLAIMS
(No. 1:20-cv-3091) – 11

139292-0001/LEGAL148726882.5

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

# DEFENDANTS' PRAYER FOR RELIEF

Defendants request the following relief:

A.  That judgment be entered on Plaintiffs' claims relative to the promissory notes and debt at issue in a manner that accounts for all set-offs justly and properly owing Defendants, or any one of them, as a result of Plaintiffs' breach of peace, statutory violations and/or tortious conduct;

B.  That judgment be entered on Defendants' counterclaims for an amount to be proven at trial, currently estimated to be $300,000, plus interest and plus punitive damages;

C.  That Defendants recover from Plaintiffs all costs and reasonable attorneys' fees incurred in this matter as allowed by law and/or contract, including without limitation ORS 646.641; and

D.  Such other relief as the Court may deem just and proper.

DATED this 9th day of July, 2020

s/ Erick J. Haynie  [DRAFT]
Erick J. Haynie, WSBA No. 37128
Perkins Coie LLP
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Telephone: 503.727.2000
Facsimile: 503.727.2222
E-mail: EHaynie@perkinscoie.com

Attorney for Defendants
_____

DEFENDANTS' ANSWER, AFFIRMATIVE
DEFENSES AND COUNTERCLAIMS
(No. 1:20-cv-3091) – 12

139292-0001/LEGAL148726882.5

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000