UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| TOOTH ACRES LLC, a Washington limited liability company, and GENE SCHEEL, an individual,<br><br>                  Plaintiffs,<br><br>  v.<br><br>HOODSTOCK RANCH LLC, a Washington limited liability company, and MARK GORDON HERON and MARY KATHLEEN HERON, husband and wife,<br><br>                  Defendants. | NO. 1:20-CV-3091-TOR<br><br>ORDER DENYING PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT |

BEFORE THE COURT is Plaintiffs' Motion for Partial Summary Judgment (ECF No. 8). This matter was submitted for consideration without oral argument. The Court has reviewed the record and files herein, the completed briefing, and is fully informed. For the reasons discussed below, Plaintiffs' Motion for Partial Summary Judgment (ECF No. 8) is **DENIED**.

ORDER DENYING PLAINTIFFS' MOTION FOR PARTIAL SUMMARY
JUDGMENT ~ 1

# BACKGROUND

This case concerns a 2019 real estate transaction in which Plaintiffs sold property to Defendants in Klickitat County, Washington. *See* ECF No. 1-2. Plaintiffs seek partial summary judgment on claims for breach of two promissory notes. ECF No. 8. Except where noted, the following facts are not in dispute.

On October 28, 2019, Plaintiff Tooth Acres, LLC and Defendant Hoodstock Ranch, LLC entered into a Purchase and Sale Agreement ("PSA") in the amount of $1.5 million for real estate. ECF Nos. 9 at 1-2, ¶ 1; 2-1 at 7-14. The parties dispute whether two certain pieces of equipment were included in the PSA, a grader and a wheel loader, which were referenced "at no additional charge." ECF Nos. 17 at 2, ¶ 1; 1-2 at 14; 25 at 1-2, ¶ 1.

On the date of closing, December 19, 2019, Defendants did not have the full $1.5 million to close, so they executed a promissory note to Plaintiff Tooth Acres in the amount of $500,000, due no later than 90 days from closing. ECF Nos. 9 at 2, ¶ 2; 2-1 at 15-18; 16 at 3.

On February 24, 2020, Plaintiffs filed a UCC-1 financing statement securing both the "Champion grader and CAT 9803 front end loader" arising from the PSA dated October 28, 2019. ECF No. 21-2 at 2. The parties dispute the property that is covered by the security interest. ECF No. 17 at 2, ¶ 2; ECF No. 25 at 2, ¶ 2.

On February 25, 2020, Plaintiff Tooth Acres declared Defendants in default under the second position Deed of Trust and accelerated all amounts owed. ECF Nos. 9 at 2, ¶ 4; 2-1 at 19.

On February 26, 2020, Plaintiff Tooth Acres filed an amendment to the UCC-1 financing statement, restating the description of the covered collateral. ECF No. 24-2 at 2-4. The amendment included the "Champion grader" and the "Caterpillar 9803 front end loader" again indicating that this arose from the PSA. ECF Nos. 24-2 at 2, 4; 25 at 2, ¶ 2.

Previously and in a related transaction, on December 18, 2019, Defendant Hoodstock executed a promissory note in connection with an agreement to pay Plaintiff Dr. Scheel $77,250 for certain listed equipment. ECF Nos. 9 at 2, ¶ 7; 1-2 at 20-21. This note was due on April 20, 2020. ECF Nos. 9 at 2, ¶ 8; 1-2 at 20.

On a date unknown, which Defendants believe occurred between April 19 and April 22, 2020, Plaintiffs repossessed the following property: a Champion 750A road grader with accompanying ice breaker chains and aftermarket LED lighting, a Caterpillar 980B wheel loader, a Komatsu Dresser 555 wheel loader with accompanying ice breaker chains and aftermarket LED lighting, a Suzuki 660 Carry Micro Truck, a "V Plow," two excavator buckets, a hydraulic rock hammer, an herbicide application trailer, approximately 30,000 pounds of steel "I beams" and racking, certain galvanized light posts, and various large tools and cabinets of

1  tools used to work on the Caterpillar and other seized equipment. ECF No. 16 at 4;

2  ECF No. 17 at 2, ¶ 2.

3      Defendants estimate that the repossessed property is valued at $241,000.

4  ECF No. 17 at 3, ¶ 4. Plaintiffs dispute this calculation and estimate that three

5  pieces of equipment with the highest value are only valued at $36,500. ECF No.

6  25 at 2, ¶ 2.

## DISCUSSION

### A. Summary Judgment Standard

The Court may grant summary judgment in favor of a moving party who demonstrates "that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In ruling on a motion for summary judgment, the court must only consider admissible evidence. *Orr v. Bank of America, NT & SA*, 285 F.3d 764 (9th Cir. 2002). The party moving for summary judgment bears the initial burden of showing the absence of any genuine issues of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party to identify specific facts showing there is a genuine issue of material fact. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Id*. at 252.

ORDER DENYING PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 4

For purposes of summary judgment, a fact is "material" if it might affect the outcome of the suit under the governing law. *Id.* at 248. Further, a material fact is "genuine" only where the evidence is such that a reasonable jury could find in favor of the non-moving party. *Id.* The Court views the facts, and all rational inferences therefrom, in the light most favorable to the non-moving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007). Summary judgment will thus be granted "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

### B. Two Claims for Breach of Promissory Note

Plaintiffs move for summary judgment on two claims for breach of promissory note on the grounds that Defendants are in default as to the amount due on each note. ECF No. 8 at 2.

To recover on a promissory note, the plaintiff must prove (1) the note in question, (2) the party sued signed the note, (3) the plaintiff is the owner or holder of the note, and (4) a certain balance is due and owing on the note. 10 C.J.S. Bills and Notes § 308; see also S*MS Fin. Liab. Co. v. ABCO Homes, Inc.*, 167 F.3d 235, 238 (5th Cir. 1999) (citation omitted).

The first three elements are conceded by Defendants, as is the fact that the notes have not been paid in full. ECF Nos. 16 at 3; 7 at 3 (Answer). However,

Defendants dispute the amount owed as to each note on the grounds that (1) Plaintiffs already reclaimed personal property in partial satisfaction and (2) Defendants' counterclaims may provide a basis for setoff. ECF No. 16 at 2.

       1. *Partial Satisfaction in Personal Property*

The first promissory note for $77,250, concerned certain listed personal property, most, if not all of which was repossessed. ECF No. 24 at 3. Out of all the personal property repossessed, Plaintiffs provide an estimate of only three pieces of equipment valued at $36,500. ECF No. 24 at 3. Defendants value all the personal property seized at $241,000. ECF No. 16 at 4. As there is a dispute regarding the value taken in partial satisfaction on the note, there is a material question of fact as to the remaining amount owed. Therefore, summary judgment is not appropriate on the first promissory note.

The second promissory note for $500,000, executed in favor of Plaintiff Tooth Acres, was secured by a second position Deed of Trust. ECF No. 1-2 at 15, 17. Defendants dispute the amount owed on the note because Plaintiffs repossessed equipment that was included in the PSA. ECF No. 16 at 7. Plaintiffs contend that the repossessed equipment does not affect the amount owed because the equipment was originally included "at no additional charge" and was covered by the UCC-1 financing statement. ECF No. 24 at 3. As there is a dispute regarding the value taken in partial satisfaction on the note, there is a material

1  question of fact as to the remaining amount owed.  Therefore, summary judgment

2  is not appropriate on the second promissory note.

3      2.  *Setoff of Pending Counterclaims*

4      Defendants also argue that summary judgment cannot be granted on the

5  grounds that Defendants' pending counterclaims may provide a setoff from the

6  amount due.  ECF No. 16 at 6.  Defendants assert the following counterclaims: (1)

7  violation of the Uniform Commercial Code, (2) violation of Oregon's Unlawful

8  Debt Collection Practices Act, (3) intentional infliction of emotional distress, and

9  (4) trespass.  ECF No. 24 at 4-5.

10      "The right of setoff (also called 'offset') allows entities that owe each other

11  money to apply their mutual debts against each other, thereby avoiding 'the

12  absurdity of making A pay B when B owes A.'"  *Citizens Bank of Maryland v.*

13  *Strumpf*, 516 U.S. 16, 18 (1995) (quoting *Studley v. Boylston Nat'l Bank*, 229 U.S.

14  523, 528 (1913)).  Washington law recognizes setoff by statute.  *See* RCW

15  §§ 4.56.060-075.  Permissive counterclaims can support a claim for setoff "unless

16  the plaintiff can show prejudice or the court finds the counterclaim would make the

17  proceedings unwieldy."  *Warren, Little & Lund, Inc. v. Max J. Kuney Co.*, 115

18  Wash. 2d 211, 216 (1990); *C-C Bottlers, Ltd. v. J.M. Leasing, Inc.*, 78 Wash. App.

19  384, 387 (1995).  Setoff counterclaims provide an equitable remedy that does not

20  "affect, nor are they affected by, the outcome of the promissory notes claims."  *C-*

*C Bottlers*, 78 Wash. App. at 387–88.  As such, permissive counterclaims may be adjudicated separately or together to "provide complete relief to the parties, conserve judicial resources and avoid multiple lawsuits." *Id.* at 388.

In order to provide complete relief to the parties and conserve judicial resources, Defendants have a right to setoff the amount owed on the promissory notes with any recovery on the counterclaims.  Setoff will function to preserve entry of judgment until the counterclaims are litigated.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiffs' Motion for Partial Summary Judgment (ECF No. 8) is **DENIED**.

The District Court Executive is directed to enter this Order and furnish copies to counsel.

**DATED** August 31, 2020.



THOMAS O. RICE
United States District Judge

ORDER DENYING PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 8