UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| TOOTH ACRES, LLC, a Washington limited liability company, and GENE SCHEEL, an individual,<br><br>                              Plaintiffs,<br><br>    v.<br><br>HOODSTOCK RANCH, LLC, a Washington limited liability company, and MARK GORDON HERON and MARY KATHLEEN HERON, husband and wife,<br><br>                              Defendants. | NO. 1:20-CV-3091-TOR<br><br>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT |

BEFORE THE COURT is Plaintiffs' Motion for Partial Summary Judgment Re Punitive Damages and Unfair Debt Collection Claim (ECF No. 29). This matter was submitted for consideration without oral argument. The Court has reviewed the record and files herein, and is fully informed. For the reasons discussed below, Plaintiffs' Motion for Partial Summary Judgment Re Punitive

Damages and Unfair Debt Collection Claim (ECF No. 29) is **GRANTED in part** and **DENIED in part**.

## BACKGROUND

This case concerns a 2019 real estate transaction in which Plaintiffs sold property in Klickitat County, Washington, to Defendants. *See* ECF No. 1-2. Plaintiffs seek partial summary judgment on Defendants' counterclaims for punitive damages and for alleged violations of the Oregon Unfair Debt Collection Practices Act ("OUDCPA"). ECF No. 29. Plaintiffs' initial statement of facts rely solely on those stated in Defendants' pleading for counterclaims. ECF No. 30. Defendants filed a response with supporting declarations. ECF Nos. 38-39. Plaintiffs' reply included a declaration in support of the motion. ECF No. 41. Defendants subsequently filed a Motion to Supplement Record to add an additional document into the record. ECF No. 43. Except where noted, the following facts are not in dispute.

Plaintiffs are residents of Washington. ECF No. 30 at 2, ¶¶ 3-4. Defendant Hoodstock is also a Washington limited liability company. ECF No. 30 at 2, ¶ 5.

Defendants' counterclaims include damage in part for personal property repossessed in Washington. ECF No. 30 at 2, ¶¶ 1-2. However, Defendants' counterclaims also include damage allegedly incurred in Oregon, including damage from communications received in Oregon. ECF No. 37 at 2, ¶ 1.

1    Plaintiffs allege that the parties' relationship is centered solely on the

2  Defendants' purchase of real and personal property in Washington from Plaintiffs.

3  ECF No. 30 at 2, ¶ 6.  Defendants dispute this characterization and point to the ties

4  in Oregon, including that Plaintiff Dr. Scheel sent communications to Oregon to

5  threaten Defendants and interfere with Defendants' business relationships, the sale

6  agreement was negotiated across state lines, and the sale agreement was executed

7  on an "Oregon Commercial Form" governed by Oregon law.  ECF No. 37 at 2-3, ¶

8  6; ECF No. 43.  Plaintiffs dispute that the agreement was negotiated across state

9  lines, alleging that all negotiations and meetings occurred in Washington.  ECF

10  No. 42 at 1-2, ¶ 1.

11    Plaintiffs originally alleged that the communication on which Defendants

12  rely for their counterclaims were sent by Washington residents from Washington.

13  ECF No. 30 at 2, ¶ 7.  Defendants assert it remains unknown from where the

14  messages were sent and Plaintiffs now claim in reply that the text messages were

15  sent from Washington and Idaho.  ECF No. 42 at 2, ¶ 2.

16    Plaintiffs seek a ruling that the choice of law analysis results in application

17  of Washington law, thereby removing Defendants' punitive damage claims.  ECF

18  No. 29.  Plaintiffs also contend that neither are a "creditor" as defined by the

19  OUDCPA, so those alleged violations should be dismissed.  *Id*.

20  //

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS'
MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 3

1

## DISCUSSION

2

### A.  Summary Judgment Standard

3

The Court may grant summary judgment in favor of a moving party who

4  demonstrates "that there is no genuine dispute as to any material fact and that the

5  movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  In ruling

6  on a motion for summary judgment, the court must only consider admissible

7  evidence.  *Orr v. Bank of America, NT & SA*, 285 F.3d 764 (9th Cir. 2002).  The

8  party moving for summary judgment bears the initial burden of showing the

9  absence of any genuine issues of material fact.  *Celotex Corp. v. Catrett*, 477 U.S.

10  317, 323 (1986).  The burden then shifts to the non-moving party to identify

11  specific facts showing there is a genuine issue of material fact.  *See Anderson v.*

12  *Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986).  "The mere existence of a scintilla

13  of evidence in support of the plaintiff's position will be insufficient; there must be

14  evidence on which the jury could reasonably find for the plaintiff."  *Id.* at 252.

15

For purposes of summary judgment, a fact is "material" if it might affect the

16  outcome of the suit under the governing law.  *Id.* at 248.  Further, a dispute is

17  "genuine" only where the evidence is such that a reasonable jury could find in

18  favor of the non-moving party.  *Id.*  The Court views the facts, and all rational

19  inferences therefrom, in the light most favorable to the non-moving party.  *Scott v.*

20  *Harris*, 550 U.S. 372, 378 (2007).  Summary judgment will thus be granted

1    "against a party who fails to make a showing sufficient to establish the existence of

2    an element essential to that party's case, and on which that party will bear the

3    burden of proof at trial."  *Celotex*, 477 U.S. at 322.

4       If the nonmoving defendant can show that "it cannot present facts essential

5    to justify its opposition, the court may: (1) defer considering the motion or deny it;

6    (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue

7    any other appropriate order."  Fed. R. Civ. P. 56(d).

8    **B.  Choice of Law Dispute**

9       Plaintiffs move this Court to apply Washington law to Defendants'

10   counterclaims for punitive damages and dismiss Defendants' counterclaim for

11   violation of Oregon's Unlawful Debt Collection Practices Act ("OUDCPA").  ECF

12   No. 29 at 1-2.  Defendants argue in part that Plaintiffs' motion is premature.

13      In determining choice of law, Washington utilizes the "most significant

14   relationship test."  *FutureSelect Portfolio Mgmt., Inc. v. Tremont Grp. Holdings,*

15   *Inc.*, 180 Wash. 2d 954, 967 (2014).  In determining which state law applies, courts

16   will 1) "evaluate the contacts with each interested jurisdiction" and 2) "evaluate

17   the interests and public policies of potentially concerned jurisdictions."  *Id.* at 968.

18   This requires "a subjective analysis of objective factors" so that "the ultimate

19   outcome, in any given case, depends upon the underlying facts of that case."  *Id.* at

20

1    966, n.12 (quoting *Southwell v. Widing Transp., Inc.*, 101 Wash. 2d 200, 204

2    (1984)).

3        While the *FutureSelect* decision analyzed a choice of law dispute on the

4    pleadings in a motion to dismiss, the Court finds the circumstances analogous here

5    where Plaintiffs' motion was filed before formal discovery began.  Defendants'

6    motion to supplement a document that was allegedly sent to Oregon to interfere

7    with Defendants' business relationships underscores the need for further discovery

8    on the relevant contacts in Oregon.  ECF No. 43.  At the very least, the Court will

9    deny summary judgment under Rule 56(d) as Defendants have shown that it cannot

10   present facts essential to the choice of law dispute at this time. Therefore, summary

11   judgment on the choice of law dispute is not appropriate.

12       However, the Court notes that Defendants acknowledge the trespass claim is

13   "likely" based on Washington law as it is based on an invasion of property in

14   Washington.  ECF No. 36 at 7.  Therefore, finding this claim undisputed,

15   Washington law will govern Defendants' counterclaim for trespass and Oregon's

16   punitive damage provision will not apply to this claim.

17   **C.  OUDCPA**

18       Plaintiffs also argue that Defendants' OUDCPA must be dismissed because

19   neither Plaintiff is a "creditor" for purposes of the Act.  ECF No. 29 at 6.

20   Defendants argue that Plaintiff Dr. Scheel is a "creditor" where he "appears to

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS'
MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 6

concede that he regularly makes and attempts to collect loans to consumers as part of his dental practice."  ECF No. 36 at 11.

Under the OUDCPA, a "creditor" is defined as "a person that, in the ordinary course of the person's business, engages in consumer transactions that result in a consumer owing a debt to the person."  ORS § 646.639(1)(e).  In turn, a "consumer" is defined as "a natural person who purchases or acquires property, services or credit for personal, family or household purposes."  ORS § 646.639(1)(b).

Setting aside the choice of law dispute, there is a material question of fact as to whether Plaintiff Dr. Scheel's conduct occurred within the ordinary course of his dental business to fall within the OUDCPA.  However, Defendant Hoodstock, as a limited liability company, is not a "natural person" to qualify as a "consumer" under the plain meaning of the statute.  Moreover, Defendants do not contend on summary judgment that Plaintiff Tooth Acres is a "creditor" within the meaning of the Act.  Therefore, Defendants' counterclaim for the alleged violation of the OUDCPA must be limited accordingly.

//

//

//

//

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 7

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiffs' Motion for Partial Summary Judgment Re Punitive Damages and Unfair Debt Collection Claim (ECF No. 29) is **GRANTED in part and DENIED in part**.

The District Court Executive is directed to enter this Order and furnish copies to counsel.

**DATED** November 2, 2020.



THOMAS O. RICE
United States District Judge

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 8